******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# IN RE PROBATE APPEAL OF RICHARD HARRIS
## (AC 43983)

Alvord, Moll and Clark, Js.

*Syllabus*

The plaintiff appealed to the trial court from the decree of the Probate Court admitting the decedent's will to probate. Following the decedent's death, the defendant D filed an application to admit the decedent's will to probate. At the hearing on D's application, S, the notary public who took the attestation of the witnesses to the execution of the decedent's will, testified, inter alia, that she was a notary at the time the will was executed, she would never notarize a document unless all persons who signed the document were present, she recognized the names of the two witnesses as fellow bank employees, she wrote the names of the witnesses on the will directly below where the decedent signed the document, the witnesses signed the self-proving affidavit, and she then signed as notary directly below those signatures, after taking their oath as to the matters contained in the self-proving affidavit. Following the hearing, the Probate Court admitted the decedent's will to probate, concluding that the will complied with the statutory (§ 45a-251) requirements pertaining to the execution of a valid will. In reaching its decision, the Probate Court concluded that S's testimony, which it found credible, satisfied D's burden of proving that the decedent signed the will in the presence of two witnesses. Specifically, the Probate Court found that the decedent signed the will in the presence of the witnesses who then signed the self-proving affidavit in the presence of the decedent. Relying on our Supreme Court's decision in *Gardner* v. *Balboni* (218 Conn. 220), the Probate Court concluded that, under such circumstances, it could see no reason why the same considerations that supported the Probate Court in that case being able to rely on the testator's signature in a self-proving affidavit would not support the same result for the witnesses' signatures in this case because § 45a-251 does not specify the exact place where witnesses must sign a will for it to be valid and the concept of strict compliance connotes strict compliance with the statutory requirements, not strict compliance with forms drafted with the intention of satisfying the statutory requirements. Thereafter, the plaintiff appealed to the trial court, and the parties agreed to have the appeal proceed on the record. The trial court denied the appeal, and, in doing so, it expressly agreed with the Probate Court's reasoning and concluded that the will properly was admitted to probate. On the plaintiff's appeal to this court, *held* that the plaintiff could not prevail on his claim that the trial court erred in concluding that the will was validly attested by two witnesses as required by § 45a-251 because the witnesses signed only the self-proving affidavit: this court, like the trial court, agreed with and adopted the Probate Court's reasoning in its decree, as there was no challenge to the authenticity of the signatures or to the Probate Court's factual findings that the decedent signed the will in the presence of the witnesses, that the witnesses signed the document containing the will in the presence of the decedent, and that they did so as part of a single transaction, and, under such circumstances, there was no basis not to extend *Gardner* to the facts of the present case; accordingly, this court concluded that the will was properly attested by two witnesses as required by § 45a-251 because to conclude otherwise would be to elevate form over substance in a manner not contemplated by our rule of strict compliance with the statutory requirements.

Argued October 14, 2021—officially released August 23, 2022

*Procedural History*

Appeal from the decree of the Probate Court for the district of Newington admitting to probate the will of Freida Harris, brought to the Superior Court in the judicial district of New Britain and tried to the court,

*Aurigemma, J.*; judgment denying the appeal, from which the plaintiff appealed to this court. *Affirmed.*

*Andrew S. Knott*, with whom, on the brief, was *Robert J. Santoro*, for the appellant (plaintiff).

*Peter J. Boorman*, with whom, on the brief, was *Ronald P. Denault*, for the appellee (defendant Dora-Lynn Harris).

*Opinion*

PER CURIAM. The plaintiff, Richard Harris, appeals from the judgment of the Superior Court denying his appeal from a decree of the Newington Probate Court admitting the will of his mother, Freida Harris (decedent), to probate upon the application of the defendant Dora-Lynn Harris.[1] On appeal, the plaintiff claims that the court erred in concluding that the will was validly attested by two witnesses as required by General Statutes § 45a-251. We disagree and, accordingly, affirm the judgment of the Superior Court.

The following undisputed facts and procedural history are relevant to our resolution of this appeal. On July 28, 2017, the decedent passed away leaving a last will and testament dated March 16, 2010 (will). The decedent was predeceased by her husband. The decedent's will contained, inter alia, the following provisions: (1) "I give One Dollar to my sons, Gary Lee Harris and Richard Sherman Harris, not for lack of love or affection, but for reasons known by all parties"; (2) "I give all my real estate in equal shares to my daughters, Dora-Lynn Friedman and Sheryl Beth Dedek, who survive me and to the issue who survive me of those of my children who predecease me, in equal shares per stirpes"; (3) "I give all tangible personal property owned by me at the time of my death . . . to those of my daughters, Dora-Lynn Friedman and Sheryl Beth Dedek, who survive me, in substantially equal shares, to be divided among them as they shall agree, or if they cannot agree, as my Executrix shall determine"; (4) "I give all the rest, residue and remainder of my property and estate . . . [t]o my daughters who survive me and to the issue who survive me of those of my daughters who predecease me"; and (5) "I appoint Dora-Lynn Friedman to be my Executrix."[2]

On August 31, 2017, the defendant filed an application to admit the will to probate. On December 11, 2017, the Probate Court, *Randich, J.*, held a hearing on the defendant's application. On December 28, 2017, the Probate Court issued a decree admitting the will to probate.

The plaintiff appealed from the Probate Court's December 28, 2017 decree to the Superior Court. On April 5, 2019, pursuant to Practice Book § 10-76, the plaintiff filed his amended reasons of appeal, contending that "[t]he Probate Court erred [in] admitting the [decedent's will] to probate . . . because the purported will lacked a proper formality, as it was not witnessed by two witnesses, in violation of . . . § 45a-251." In lieu of proceeding with a trial de novo, the parties agreed to have the probate appeal proceed as an on the record appeal.[3] On January 13, 2020, following the submission of the parties' stipulation and written memoranda, the Superior Court, *Aurigemma, J.*, heard the appeal. On February 13, 2020, the court issued its

memorandum of decision denying the plaintiff's appeal and concluding that the will properly was admitted to probate. This appeal followed. Additional facts and procedural history will be set forth as necessary.

The plaintiff claims on appeal that the Superior Court erred in concluding that the will was validly attested by two witnesses as required by § 45a-251, which provides in relevant part: "A will or codicil shall not be valid to pass any property unless it is in writing, subscribed by the testator and attested by two witnesses, each of them subscribing in the testator's presence . . . ." Specifically, the plaintiff argues that the will was not properly attested because the witnesses signed only the self-proving affidavit, which technically is not part of the will. The defendant responds that the court did not err in determining that the will was attested by two witnesses because, consistent with *Gardner* v. *Balboni*, 218 Conn. 220, 588 A.2d 634 (1991), the due execution requirements of § 45a-251 were met. We agree with the defendant.

We begin with the standard of review, which is set forth in General Statutes § 45a-186b, applicable to probate appeals taken under General Statutes § 45a-186[4] from a matter heard on the record in the Probate Court. Section 45a-186b provides in relevant part: "[T]he Superior Court shall not substitute its judgment for that of the Probate Court as to the weight of the evidence on questions of fact. The Superior Court shall affirm the decision of the Probate Court unless the Superior Court finds that substantial rights of the person appealing have been prejudiced because the findings, inferences, conclusions or decisions are: (1) In violation of the federal or state constitution or the general statutes, (2) in excess of the statutory authority of the Probate Court, (3) made on unlawful procedure, (4) affected by other error of law, (5) clearly erroneous in view of the reliable, probative and substantial evidence on the whole record, or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. . . ." This standard of review governing probate appeals also applies to our appellate courts. See *In re Probate Appeal of Nguyen*, 199 Conn. App. 498, 503, 236 A.3d 291 (2020).

Our Supreme Court's decision in *Gardner* v. *Balboni*, supra, 218 Conn. 220, is particularly instructive on the question before us. In *Gardner*, the testatrix had signed a document purporting to be her will on one of the witness lines of the self-proving affidavit, instead of immediately below the execution clause. Id., 226. The plaintiffs, who contested the will, which was "prepared apparently without advice of counsel" and "contain[ed] irregularities," claimed, inter alia, that there was insufficient evidence that the will's execution met statutory requirements. Id., 221. Specifically, they contended that, because the testatrix signed the will below the self-

proving affidavit and attestation clause, instead of immediately below the execution clause, she had not " 'subscribed' " the will, as required by § 45a-251.[5] Id., 226. Our Supreme Court rejected the plaintiffs' claim, first emphasizing that the attestation clause, the unexecuted self-proving affidavit, and the testatrix's signature all appeared at the end of a single document. Id., 228. The court held that the testatrix validly subscribed the will, reasoning that, "while it is certainly true that the self-proving affidavit and the attestation clause are not parts of the testatrix's 'will,' their intervening presence does not suggest an incomplete expression of the testamentary purpose, nor the presence of counterfeit dispositions. More importantly, our statute does not require the testatrix to sign *at* the end of the will, but to *subscribe* it, '[l]iterally to write underneath.' Black's Law Dictionary (5th Ed. 1979) p. 1279. Rejecting the testatrix's signature as a valid subscription of the will would elevate form over substance in a manner not contemplated by our rule of strict compliance with the wills act." (Emphasis in original.) *Gardner* v. *Balboni*, supra, 228.

Against this framework, we set forth the following additional facts, as found by the Probate Court and adopted by the Superior Court, which are relevant to our consideration of the plaintiff's claim. Amy Stoto, the notary public who took the attestation of the witnesses to the decedent's will execution in March, 2010, was employed at the Newington branch of TD Bank at that time. Stoto testified before the Probate Court, among other things, that (1) she was a notary at that time, (2) she would never notarize a document unless all persons who signed the document were present, (3) she recognized the names of the two witnesses as fellow TD Bank employees and thus was confident that the document was executed during banking hours, (4) she wrote the names of the witnesses on the will document directly below where the decedent signed the document, and (5) the two witnesses signed the self-proving affidavit, and she then signed as notary directly below those signatures after taking their oath as to the matters contained in the self-proving affidavit.

The Probate Court concluded that Stoto's testimony, which it found credible, "satisfie[d] the proponent's burden of proving that the [decedent] signed the will in the presence of two witnesses." Accordingly, the Probate Court found that "the [decedent] signed the will in the presence of the witnesses and . . . the witnesses then signed the self-proving affidavit in the presence of the [decedent]." The Probate Court then relied on *Gardner* to conclude that, "[u]nder such circumstances, the court sees no reason why the same considerations which support a Probate Court being able to rely on a testator's signature in the self-proving affidavit section of the will would not support the same result for the signature of witnesses. [Section 45a-251] does

not require the exact place where witnesses must sign a will for it to be valid, and, under the circumstances, the court can find with a high level of confidence that this will was executed by the [decedent] in the presence of two witnesses who then signed the document which contained the will. Accordingly, the court will find that the will document complies with the statutory requirements and should be admitted to probate. The concept of strict compliance connotes strict compliance with the statutory requirements, not strict compliance with forms drafted with the intention of satisfying the statutory requirements." The Superior Court, in denying the plaintiff's appeal, agreed with the Probate Court's reasoning and concluded that the will should be admitted to probate.

We also agree with the Probate Court's reasoning and adopt it as our own. Here, as in *Gardner*, there is no challenge to the authenticity of any of the signatures. Nor is there any challenge to the Probate Court's factual findings that the decedent signed the will in the presence of the witnesses, that the witnesses signed the document containing the will in the presence of the decedent, and that they did so as part of a single transaction. Under these circumstances, we cannot conceive of any basis not to extend *Gardner* to the facts before us. Accordingly, we conclude that the will was properly attested by two witnesses as required by § 45a-251. To conclude otherwise would be to "elevate form over substance in a manner not contemplated by our rule of strict compliance with the wills act." *Gardner* v. *Balboni*, supra, 218 Conn. 228. We refuse to contradict this guidance from our Supreme Court, and, therefore, we conclude that the Superior Court did not err in determining that the will was validly attested by two witnesses as required by § 45a-251.

The judgment is affirmed.

[1] Although the plaintiff's complaint named Sheryl Beth Dedek and Gary Harris as additional defendants, both were defaulted for failure to appear, and they are not participating in this appeal. Therefore, all references to the defendant are to Dora-Lynn Harris, and all references to the parties are to the plaintiff and the defendant collectively.

[2] The defendant's name appears in the decedent's will as Dora-Lynn Friedman; the complaint and subsequent court filings refer to the defendant as Dora-Lynn Harris.

[3] On April 8, 2019, the parties filed a stipulation with the Superior Court stipulating, inter alia, that the court adopt the factual findings of the Probate Court as set forth in the December 28, 2017 decree. The parties further stipulated that "the sole issue before the court is a question of law: 'Was the will attested by two witnesses?' If the court finds in the affirmative, then the appeal is to be denied. If the court finds in the negative, then the appeal is to be sustained."

[4] General Statutes § 45a-186 provides in relevant part: "(b) Any person aggrieved by an order, denial or decree of a Probate Court may appeal therefrom to the Superior Court. . . .

"(d) An appeal from a decision rendered in any case after a recording of the proceedings is made under section 17a-498 . . . shall be on the record and shall not be a trial de novo. . . ."

[5] The plaintiffs did not challenge the signature's authenticity. See *Gardner* v. *Balboni*, supra, 218 Conn. 227.